IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| BRANDON SCOTT MORRIS, | ) ) | Case No. 25-32198-KLP |
| Debtor. | ) ) ) |  |
| DAWN B. DEBOER | ) ) ) | Adversary Proceeding |
| and | ) ) | Case No. _____ |
| DEBOERSOUTH, PLLC | ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| BRANDON SCOTT MORRIS | ) ) |  |
| Defendant. | ) ) |  |

**COMPLAINT OBJECTING TO DISCHARGEABILITY
OF DEBT AND/OR OBJECTION TO DISCHARGE**

Pursuant to sections 523 and 727 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4004, 4007, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Dawn B. DeBoer ("**Ms. DeBoer**") and DeBoerSouth, PLLC ("**DeBoerSouth**"; together with Ms. DeBoer collectively, "**Plaintiffs**"), as Plaintiffs in the above-

---

Dawn B. DeBoer, Esquire (VSB No. 26551)
DeBoerSouth, PLLC
1802 Bayberry Court, Suite 403
Richmond, Virginia 23226
Telephone: (804) 533-7770
Facsimile: (804) 285-0201
Email: deboer@deboersouth.com

*Counsel for Dawn B. DeBoer and DeBoerSouth, PLLC*

captioned adversary proceeding, by and through their undersigned counsel, file this Complaint objecting to the dischargeability of certain debts and/or objecting to the discharge of Brandon Scott Morris ("**Defendant**") and respectfully allege, upon knowledge, information, and belief, as follows:

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this adversary proceeding, which arises under, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"), captioned Brandon Scott Morris, Case No. 25-32198-KLP (the "Bankruptcy Case"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. This action is brought as an adversary proceeding pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") related to the Bankruptcy Case pending before this Court.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiffs consent to the entry of final orders or judgment by the Court in this adversary proceeding.

4. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are Sections 523 and 727 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 7001(6) and 4007. Specifically, §§ 523(a)(2)(A) and 727(a)(2)(A), 727(a)(4)(A), and 727(c) of the Bankruptcy Code form the basis for Plaintiffs' requesting the non-dischargeability of the debt of attorneys' fees and costs described in this Complaint owed to the Plaintiffs, or the denial of Defendant's discharge.

## PARTIES

6. Ms. DeBoer is an individual with a residence at 5114 Pine Hill Road, Dinwiddie, Virginia 23885. DeBoerSouth, with its principal place of business at 1802 Bayberry Court, Suite 403, Richmond, Virginia 23226 is a limited liability company.

7. Defendant is an individual with a residence at 13836 Randolph Pond Lane, Midlothian, Virginia 23114 and is the Chapter 7 debtor in the above-captioned Bankruptcy Case pending before this Court.

## BACKGROUND

8. This adversary proceeding is brought to object to the dischargeability of the attorneys' fees and costs owed to Plaintiffs by Defendant and/or object to Defendant's discharge in the Chapter 7 Bankruptcy Case of Defendant, Case Number 25-32198-KLP, pending in the U.S. Bankruptcy Court for the Eastern District of Virginia. The debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and Defendant's discharge should be denied pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4)(A), and (c).

9. On June 3, 2025 (the "**Petition Date**"), Defendant filed a voluntary petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code.

10. On or about June 4, 2025, the Office of the United States Trustee appointed William Anthony Broscious as the Interim Chapter 7 Trustee (the "**Trustee**" or "**Mr. Broscious**"). Mr. Broscious continues to serve as the Trustee in this Bankruptcy Case.

11. The Section 341 Meeting of Creditors (the "**341 Meeting**") was convened on July 7, 2025, and, therefore, objections to discharge and complaints seeking a determination of nondischargeability were initially due on or before September 5, 2025.

3

12. The 341 Meeting first was adjourned to July 28, 2025, and then was adjourned again to August 11, 2025.

13. On September 5, 2025 Plaintiffs filed a Motion requesting: (i) extending the time by when Ms. DeBoer and DeBoerSouth may object to the discharge of Defendant to December 4, 2025, pursuant to 11 U.S.C. § 727; (ii) extending the time by when Ms. DeBoer and DeBoerSouth may file a complaint and seek a determination as to the nondischargeability of Defendant's debt to DeBoerSouth to December 4, 2025, pursuant to 11 U.S.C. § 523; and (iii) granting such other and further relief as the Court deems just and proper. There was no objection to this request.

14. On December 4, 2025 Plaintiffs filed a Second Motion requesting: (i) extending the time by when Ms. DeBoer and DeBoerSouth may object to the discharge of Defendant to February 2, 2026, pursuant to 11 U.S.C. § 727; (ii) extending the time by when Ms. DeBoer and DeBoerSouth may file a complaint and seek a determination as to the nondischargeability of Defendant's debt to DeBoerSouth to February 2, 2026, pursuant to 11 U.S.C. § 523; and (iii) granting such other and further relief as the Court deems just and proper. There was no objection to this request. The Consent Order Granting Motion for Extension of Time until February 2, 2026 was entered on December 9, 2025. This Complaint is, therefore, timely filed under Bankruptcy Rule 4007(c).

15. Prior to the filing of this Bankruptcy Case, Defendant executed that certain Fee and Retainer Agreement dated February 17, 2022, retaining Plaintiffs to represent him in his divorce proceeding commenced in the Chesterfield County Circuit Court ("**Circuit Court**") on December 6, 2021, Case No. CL21-3927 (the "**Divorce Proceeding**"). A copy of that Fee and Retainer Agreement is attached as Exhibit "A".

16. Defendant and Defendant's former spouse, Michelle Morris ("**Ms. Morris**") jointly owned their marital residence of 16919 Jennway Terrace, Moseley, Virginia 23120 (the "**Property**") as tenants in common with Ms. Morris' parents. As a result of this unique ownership structure, Plaintiffs commenced a partition suit on behalf of Defendant in the Chesterfield County Circuit Court on August 31, 2023, Case No. CL23-3191 (the "**Partition Suit**"). The Partition Suit was necessary to resolve the Divorce Proceeding to determine the equitable division of interests in the Property between Defendant and Ms. Morris.

17. The final Agreed Order in the Partition Suit was entered on November 15, 2024. Defendant was awarded the sum of Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86). A copy of the Agreed Order is attached as Exhibit "B". The Final Decree of divorce was entered December 5, 2024, which Final Decree terms, page 5, reiterated the amount Defendant would receive from the marital residence equity was Fifty-Two Thousand Six Hundred Thirty-Five and 86/100 Dollars ($52,635.86) as resolved in the Partition Suit. A copy of the Final Decree of divorce is attached as Exhibit "C".

18. On August 16, 2024, Ms. DeBoer timely filed *Notices of Claim of Lien for Attorney Fees* (the "**Notices of Lien**") in the Clerk's office of the Circuit Court in both the Divorce Proceeding and the Partition Suit and properly provided copies of the Notices of Lien to all necessary recipients, including Defendant, Ms. Morris' counsel, and counsel for Ms. Morris' parents. A copy of these Notices of Lien is attached as Exhibit "D".

19. Accordingly, on the Petition Date, Plaintiffs were the holders of a partially secured claim against Defendant in the amount of $52,635.86 and a partially unsecured claim against Defendant in the amount of $41,810.88.

5

20. Ms. DeBoer and DeBoerSouth timely filed a proof of claim on October 15, 2025 in the total amount claimed of $94,446.74 and secured amount claimed of $52,635.86 representing the Debt (Claim No. 12).

21. Plaintiffs' claim in this Bankruptcy Case is a properly perfected secured claim pursuant to the Notices of Lien previously filed and served on the appropriate parties pursuant to Virginia Code § 54.1-3932. Plaintiffs' claim in the amount of $94,446.74 should be excepted from discharge pursuant to § 523(a)(2)(A).

## COUNT I

**Defendant Should be Denied Discharge Pursuant to
11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A)**

22. On the Petition Date, Defendant filed the Statement of Financial Affairs (the "SOFA"), the schedules (the "Schedules"), and other required documents. In these filings, Defendant declared that the disclosures in the Schedules and the SOFA were true and correct under the pains and penalties of perjury. On August 6, 2025 Defendant filed an additional Declaration (Individuals – Form 106Dec) and an amended Statement of Financial Affairs.

23. Defendant purchased a 2022 Honda Pilot vehicle in January of 2022 after the physical separation from Ms. Morris. This vehicle was titled in Defendant's name only. A copy of Defendant's 9/15/2023 Supplemental Answers to Plaintiff's First Interrogatories, numbers 12 and 13 specifically, is attached as Exhibit "E". This vehicle was encumbered by a secured loan through the Virginia Credit Union, account #3564. A copy of Virginia Credit Union statement of August 31, 2023 with loan #3564 identified is attached as Exhibit "F".

24. In Defendant's Form 106D: Schedule D: Creditors Who Have Claims Secured by Property, paragraph 2.1: Defendant and another (who Ms. DeBoer knows is Randall Bland) incurred a Purchase Money Security loan on this 2022 Honda Pilot in August of 2024 and paid in

6

full the Virginia Credit Union loan in Defendant's sole name. Defendant gifted part ownership of this 2022 Honda Pilot to Randall Bland in August 2024, while he was still married to Michelle Morris, yet Defendant failed to disclose this gift under paragraph 13 of both the original SOFA or the Amended SOFA filed on August 6, 2025. Defendant has not been truthful with this Court and has made intentional omissions and false statements.

25. Ms. Morris was granted a divorce against Defendant on December 4, 2024 on the grounds of Defendant's adultery with Randall Bland.

26. Defendant obtained his marriage license to marry Randall Bland on December 10, 2024. A copy of the canceled check for payment for the marriage license is attached as Exhibit "G". Thereafter in December 2024 Defendant married Randall Bland and their son was born shortly thereafter on December 23, 2024. The email message dated December 30, 2024 from Defendant with this information is attached as Exhibit "H".

27. Randall Bland moved in with Defendant at his rental home on September 30, 2024. The email message dated September 30, 2024 from Defendant containing this information is attached as Exhibit "I". Randall Bland and Defendant did not wed until between December 11, 2024 and December 23, 2024.

28. In paragraph 7 of Defendant's August 6, 2025 amended SOFA, Defendant represented that within one year prior to Defendant filing for bankruptcy, Defendant made the below-listed payments to Randall Bland, who Defendant claimed to be an "insider". The "Reason for this payment" as represented by Defendant was: Payment to "*wife*" for contemporaneous payment of household bills (Emphasis added). Randall Bland was not an insider and was not Defendant's wife at the time Defendant made these payments to her, and Randall Bland did not begin to reside with Defendant until September 30, 2024:

7

| Date of Payment | Total amount paid |
|---|---|
| 8/27/24: | $1,500.00; |
| 9/5/24: | $1,388.50 (Defendant has misrepresented this amount; it was actually $3,188.50. See check #1558 attached as Exhibit "J") |
| 9/17/24: | $1,024.74; |
| 10/11/24: | <u>$500.00</u> |
| | **$6,213.24 total** |

29.     Defendant testified under oath at each of the July 7, 2025 and July 28, 2025 Section 341 meeting of creditors.

30.     At the July 7, 2025 meeting, Ms. DeBoer asked Defendant what he did with Defendant's fifty percent share of his and Michelle Morris' joint 2022 and 2023 income tax refunds in the approximate amount of $3,952.67 received in May of 2025. Defendant responded that he paid "bills".

31.     However, as can be seen under paragraph 8 of the August 6, 2025 amended SOFA, Defendant did not pay "bills". On the contrary, Defendant deposited these funds into a joint checking account with Randall Bland. From that account the amount of $3,982.67 (in two payments: $3,500.00 on May 23, 2025 and $482.67 on May 27, 2025) was used to pay on a Capital One credit card account in only Randall Bland's name but on which Defendant indicated he was an authorized user. Defendant failed to state the reason any such debt on Ms. Bland's credit card account was incurred, nor did he state who incurred any of the debt he allegedly paid. Defendant was using funds he obtained as a result of the divorce proceedings to pay on a credit card account in another person's name, for which he had no legal obligation to pay, in lieu of making payments to his creditors eleven (11) days before he filed his bankruptcy petition.

32. Thus, in the ten (10) months before Defendant filed his bankruptcy petition, Defendant gifted to his paramour part ownership in his vehicle, which gift he failed to disclose, and Defendant diverted cash in at least the amount of $10,195.91 to his paramour. Accordingly, under 11 U.S.C. §§ 727(c), Plaintiffs object to the Defendant's discharge and assert that this Court should deny Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A).

## COUNT II

### Defendant's Debt to Plaintiffs is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A)

33. Plaintiffs repeat, reallege and incorporate by reference herein the allegations contained in paragraphs 1 through 32 of the Complaint as though fully set forth in this cause of action.

34. Defendant owes a debt to Plaintiffs for money, property, services, or an extension, renewal, or refinancing of credit obtained by a false representation, other than a statement respecting the debtor's or an insider's financial condition, as set forth in 11 U.S.C. § 523(a)(2)(A).

35. This debt was incurred by Defendant through Defendant's utilizing false pretenses and making false representations to Plaintiffs. Defendant confirmed to Ms. DeBoer that the balance Defendant owed to her would be paid. Defendant also stated he would be receiving financial assistance from his parents. Defendant repeatedly represented to Ms. DeBoer that he would pay his balance due. Defendant continued to ask Ms. DeBoer for her assistance with his Partition Suit, Divorce Proceeding, and post-divorce and post-partition lingering issues. Ms. DeBoer finally had to inform Defendant on March 11, 2025 that she was no longer able to represent him as he was not paying his balance owed as he had agreed to do. Up until that time, Defendant still was continuously contacting Ms. DeBoer requesting assistance. Defendant would send multiple email messages to Ms. DeBoer daily. Defendant made false representations with the intent and purpose

9

of deceiving the Plaintiffs. Defendant knew or should have known the false representations he was making would induce Ms. DeBoer to rely upon those representations and continue to assist Defendant by providing legal services per his request.

36.     Plaintiffs' reliance upon Defendant's false representations was justified. Ms. DeBoer had been representing Defendant in this divorce matter from February 17, 2022 until March 11, 2025, a period of more than three years, and Defendant had made substantial payments to Plaintiffs during the representation.

37.     The entire outstanding balance owed to DeBoerSouth proximately arose from the false pretenses and false representations of Defendant.

38.     As late as December 11, 2024 Defendant told Ms. DeBoer during a telephone conference that he would reach an agreement with her to pay the balance owed to her firm. Defendant continued to request Ms. DeBoer's assistance with his legal issues thereafter.

39.     The August 16, 2024 *Notices of Claim of Lien for Attorney Fees* (the "**Notices of Lien**") were filed and recorded in the Clerk's office of the Circuit Court almost ten (10) months before Defendant filed his bankruptcy petition. Defendant never voiced an objection to the liens.

40.     The Divorce Proceeding and the Partition Suit were reinstated on the Court's active docket. A hearing was scheduled for March 26, 2025 to address the closing on the refinance pursuant to the Partition Suit resolution and the Defendant's refusal to execute the deed conveying his interest to the former marital residence. In addition, Ms. DeBoer filed Notices of Hearing for March 26, 2025 at 9:00 a.m. in both the Divorce Proceeding (CL21-3927) and the Partition Suit (CL23-3191), requesting entry of an order granting DeBoerSouth's claim for an Attorney's Charging Lien in the amount of $79,000 owed as of August 16, 2024. Ms. DeBoer also requested

10

an ongoing Attorney's Charging lien for all additional costs incurred, as well as for all delinquency charges which may accrue in the future, pursuant to DeBoerSouth's Fee and Retainer Agreement.

41. On March 24, 2025, two days before the March 26, 2025 hearing, and unbeknownst to anyone else, Defendant executed and recorded a Deed of Trust dated March 24, 2025 and filed in the Clerk's Office of the Circuit Court of the County of Chesterfield in Deed Book 14832, Page 84, conveying his interest in the Property to Easter P. Moses, Trustee in trust to secure the repayment of a purported Promissory Note dated March 24, 2025 in the principal sum of $36,913.00, payable to the order of Regina Ballard, Defendant's mother. A copy of the Deed of Trust and Note is attached as Exhibit "K". These documents were presented by Defendant to Ms. DeBoer, to the Court, and to counsel for the Partition Suit Defendants for the first time during the hearing conducted on March 26, 2025. The Court ordered Defendant to execute the deed conveying his interest in the Property to the Partition Suit Defendants immediately, to be held in escrow by counsel for the Partition Suit Defendants until closing, which Defendant had been refusing to do. Defendant executed the deed during the hearing and provided the original to counsel for the Partition Suit Defendants. Neither the judge, counsel for the Partition Suit Defendants, nor Ms. DeBoer were pleased with Defendant's actions taken two (2) days before the scheduled hearing held for the purpose of resolving the Partition Suit. A copy of the transcript of this hearing held on March 26, 2025 is attached as Exhibit "L".

42. Pursuant to paragraph 3 of the Partition Suit Agreed Order dated November 15, 2024: "All transfers of title shall be accomplished by Special Warranty Deed in form and upon terms reasonably acceptable to counsel for the parties, conveying good, clear, marketable and insurable title free of liens and encumbrances upon title." Defendant's actions were in direct

violation of the terms contained in this third paragraph of the Agreed Order and Defendant's actions were taken in bad faith.

43. At the conclusion of the March 26, 2025 hearing, the Court entered an Order granting the Partition Suit Defendants' Motion for Interpleader and ordered that the sum of $52,635.86 be payable to the Clerk of Court. This $52,635.86 represented the amount of the Partition Suit Defendants' payment obligation to Defendant for Defendant's interest in the Property. A copy of the March 26, 2025 Order is attached hereto as Exhibit "M". The only reason the trial judge did not enter the Order regarding the attorney fee lien exactly as presented to him on behalf of DeBoerSouth, PLLC (but, instead, asked that the phrase in paragraph 3 of "the issue shall be further adjudicated by the Court as to payment" be inserted instead of "said sums are paid directly to DeBoerSouth, PLLC") was due to the new Deed of Trust being recorded by Defendant two days earlier and the need for all counsel to address that new Deed of Trust issue and its impact upon all pending issues. Defendant was acting with unclean hands and in bad faith.

44. The March 24, 2025 Deed of Trust was prepared and executed by Defendant with the actual intent to hinder, delay, or defraud Defendant's creditors from what they may be lawfully entitled, specifically including Plaintiffs and the Partition-Suit Defendants.

45. The conveyance of the March 24, 2025 Deed of Trust was made and given when Defendant had full knowledge of Ms. DeBoer's and DeBoerSouth's lien for attorney's fees and in violation of § 55.1-400 *et seq*. of the Code of Virginia (1950), as amended, regarding fraudulent conveyances.

46. The conveyance of the March 24, 2025 Deed of Trust was made and given when Defendant had full knowledge that he was required by the Agreed Order of November 15, 2024 to

12

convey his interest in the Property to Michelle Morris and Michelle Morris' parents free of liens and encumbrances.

47. The conveyance of the March 24, 2025 Deed of Trust was made known to everyone by Defendant at the March 26, 2025 hearing, which new knowledge and information then disrupted the hearing so that the hearing could not proceed. Defendant also was refusing to execute the deed to the Property, all contrary to the terms of the Orders.

48. A Complaint to Set Aside Fraudulent Conveyance naming Defendant and Easter P. Moses, individually and as Trustee, as named Defendants, was prepared by counsel for Partition Suit Defendants, and was scheduled to be filed on March 31, 2025. A copy is attached as Exhibit "N".

49. Defendant reached an agreement with counsel for Partition Suit Defendants prior to the Complaint referenced above being filed. Counsel for Partition Suit Defendants received an original Certificate of Partial Satisfaction executed by Regina Ballard, Defendant's mother, on April 3, 2025. This Certificate was recorded on April 4, 2025 and the closing of the Property transfer was completed.

50. Per request from the mortgage lender, Ms. DeBoer provided a letter with the payoff amount owed to her law firm, which total was more than the Settlement Proceeds owed to Defendant. Per the email message of April 3, 2025 from Leah Cromer with Radian Title Insurance Company, "… with that lien (the DeBoerSouth liens) being filed against Brandon and he is currently on the property it attaches and will need paid in full. Dawn, Can you please provide a payoff statement for the lien filed. I know the proceeds of Brandons will go towards that (lien), so I am not sure how you want to write up your payoff statement to satisfy the lien." A copy of this email message is attached as Exhibit "O".

13

51. Chesterfield County Circuit Court Clerk's Office received the proceeds of $52,635.86 on April 28, 2025.

52. The DeBoerSouth attorney fee charging lien is a secured transaction. This attorney fee charging lien was enforceable against third parties as soon as it was recorded in the record room of the Chesterfield County Circuit Court on August 16, 2025, and Ms. DeBoer contemporaneously gave notice to Defendant and legal counsel for the Partition Suit Defendants. The Partition Suit Defendants and the Radian Title Insurance Company handling the refinance knew the DeBoerSouth lien was enforceable and properly perfected, and they acknowledged same. This lien was recorded against the Property. Had the Partition Suit Defendants paid Defendant directly the $52,635.86, that payment would have been contrary to the recorded lien, and they would have been liable to DeBoerSouth.

53. This "transfer" provided DeBoerSouth a benefit in excess of what DeBoerSouth would have received in a Chapter 7 liquidation if the transfer had not been made. If DeBoerSouth had not filed the attorney fee lien, which lien attached to the Property pursuant to Virginia Code § 54.1-3932, DeBoerSouth would have been an unsecured creditor and would have received much less in a Chapter 7 liquidation. A secured creditor is entitled to receive the value of its collateral in a Chapter 7 liquidation up to the amount of its debt. Payment to a fully secured creditor does not deplete the debtor's bankruptcy estate to the disadvantage of other creditors.

54. If the trial judge were to order the funds currently held by the Clerk of Chesterfield County Circuit Court paid to DeBoerSouth pursuant to the lien filed August 16, 2024, such is a third-party payment to a creditor of the debtor. Defendant has never been in possession of, or had control of, these funds currently being held by the Clerk of Chesterfield County Circuit Court, and such lack of possession and control by Defendant has been mandated by Court Order.

55. In view of the foregoing, it is respectfully requested that this Court enter an Order excepting the Debt in the amount of $94, 446.74 from discharge under 11 U.S.C. § 523(a)(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment granting Plaintiffs' request for the non-dischargeability of the debt of attorneys' fees and costs described in this Complaint owed to the Plaintiffs in the amount of $94,446.74 pursuant to 11 U. S. C. § 523(a)(2)(A); and the Court enter a judgment against Defendant denying Defendant's discharge pursuant to 11 U. S. C. §§ 727(a)(2)(A), (a)(4)(A), and (c); and granting such other and further relief as the Court deems just and proper.

Date: February 2, 2026                                      DeBOERSOUTH, PLLC


                                            By:    /s/ Dawn B. DeBoer
                                                   Dawn B. DeBoer, Esquire
                                                   DeBOERSOUTH, PLLC
                                                   1802 Bayberry Court, Suite 403
                                                   Richmond, Virginia 23228
                                                   Telephone: (804) 533-7770
                                                   Facsimile: (804) 285-0201
                                                   Email:deboer@deboersouth.com

                                                   *Counsel for Dawn B. DeBoer and*
                                                   *DeBoerSouth, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February 2026, I caused a copy of the foregoing to be served by electronic means through the ECF system and a copy mailed to the following:

Brandon Scott Morris
13836 Randolph Pond Lane
Midlothian, VA 23114

Richard C. Pecoraro, Esquire
Rich Law, PLC
1700 Huguenot Road, Suite B4
Midlothian, VA 23113

William Anthony Broscious, Trustee
P.O. Box 71180
Henrico, VA 23255

Haley Kristen Magel, Esquire
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219

Jeremy S. Williams, Esquire
Kutak Rock LLP
1021 E. Cary Street, Suite 810
Richmond, VA 23219

Matthew W. Cheney
Office of the US Trustee – Region 4-R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

/s/ Dawn B. DeBoer
Dawn B. DeBoer