# United States Bankruptcy Court
### Eastern District of Virginia
Richmond Division

**In re:** Brandon Scott Morris

**Case Number** 25−32198−KLP
**Chapter** 7
**Adversary Proceeding Number** 26−03003−KLP
**Judge** Keith L Phillips

Dawn B. DeBoer et al.

                                            Plaintiff(s)

VS.

Brandon Scott Morris

                                            Defendant(s)

## INITIAL SCHEDULING ORDER

1. **Discovery Meeting; Commencement of Discovery; Initial Disclosures.**
   A. Counsel for the parties and any party not represented by an attorney shall meet to formulate a discovery plan as required by Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f) no later than 40 days after the issuance of the summons. The meeting may be in person or by telephone.
   B. Discovery may be commenced 40 days after the issuance of the summons, or earlier, after the discovery meeting, provided that the parties have agreed upon a discovery plan.
   C. The initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) shall be made not later than the date set for the initial pretrial conference.

2. **Initial Pretrial Conference.** An initial pretrial conference under Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16(a) shall be held on <u>March 25, 2026 at 09:30 AM in Judge Phillips' − Courtroom, U. S. Bankruptcy Court, 701 E. Broad St., Rm. 5100, Richmond, VA 23219</u>, to establish a discovery plan, set a trial date, establish various deadlines for the filing of motions and to consider any matters as provided for in Federal Rule of Bankruptcy Procedure 7016. Counsel for the parties and any party not represented by counsel must be present at the Initial Pretrial Conference unless such attendance is excused by the presiding Bankruptcy Judge prior to the Initial Pretrial Conference or Local Bankruptcy Rule 2090−1(H)(2)(d) is satisfied.

3. **Final Pretrial Conference.** A final pretrial conference, if deemed necessary by the Court, shall be the subject of a separate order.

4. **Availability of Mediation Pursuant to Local Bankruptcy Rule 9019−1.** The parties may jointly move for mediation at any time sufficiently in advance of the scheduled trial date as to not delay the trial. A joint mediation motion must be signed by all counsel for the parties and any party not represented by counsel. The Court may sua sponte refer the matter to mediation. Mediation may only be commenced upon the entry of an order to mediate.

5. **Consent to Entry of Final Orders.** Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to Withdraw the Reference or for other appropriate relief within 30 days of the entry of this Scheduling Order. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.

6. **Service of Order by Plaintiff.** The Clerk shall provide a copy of this order to the plaintiff, who shall serve it on all defendants with the summons and complaint.

Date:  February 3, 2026

**FOR THE COURT**
**Charri S Stewart, Clerk**
**United States Bankruptcy Court**

**NOTICE OF JUDGMENT OR ORDER**
**ENTERED ON THE DOCKET**
February 3, 2026

By: Stephanie Thomas
Deputy Clerk

[initialSchOrdvApr2025.jsp ver. 4/2025]

United States Bankruptcy Court
Eastern District of Virginia

DeBoer,
    Plaintiff

Adv. Proc. No. 26-03003-KLP

Morris,
    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0422-7 | User: Stephanie | Page 1 of 1 |
| Date Rcvd: Feb 03, 2026 | Form ID: initsc | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 05, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| aty | + Dawn B. DeBoer, DeBoerSouth, PLLC, 1802 Bayberry Court, Suite 403, Richmond, VA 23226 UNITED STATES 23226-3773 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 05, 2026    Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 3, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Dawn DeBoer | on behalf of Plaintiff Dawn B. DeBoer deboer@deboersouth.com |
| Dawn DeBoer | on behalf of Plaintiff DeBoerSouth PLLC deboer@deboersouth.com |

TOTAL: 2