UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| BRANDON SCOTT MORRIS ) | | Chapter 7 |
| ) | | Case No. 25-32198-KLP |
| Debtor, ) | | |
| _____) | | |
| ) | | |
| DAWN B. DEBOER, et al., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| v.  ) | | A.P. No. 26-03003-KLP |
| ) | | |
| BRANDON SCOTT MORRIS, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

### DEFENDANT'S ANSWER

NOW COMES Defendant, through counsel, and for his Answer to Plaintiffs' Complaint state as follows:

1. Defendant admits the allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant admits the allegations of Paragraph 3. Defendant consents to entry of final judgment by the Bankruptcy Judge.

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Defendant

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits that Plaintiffs bring this adversary proceeding under the referenced code sections, but denies that Plaintiffs are entitled to relief thereunder.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff's residence and therefore denies the same. Otherwise Defendant admits Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant admits the allegations of Paragraph 9.

10. Defendant admits the allegations of Paragraph 10.

11. Defendant admits the allegations of Paragraph 11.

12. Defendant admits the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15.

16. Defendant admits the allegations of Paragraph 16 except for the use of the term "unique."

17. Defendant admits the allegations of Paragraph 17.

18. Defendant admits the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant admits the allegations of Paragraph 22.

23. Defendant admits the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant admits the allegations of Paragraph 26. However, Defendant objects to any consideration of Exhibit H as the same is subject to the attorney-client privilege.

27. Defendant admits the allegations of Paragraph 27. However, Defendant objects to any consideration of Exhibit I as the same is subject to the attorney-client privilege.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant admits the allegations of Paragraph 29.

30. Defendant admits the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant incorporates his responses to Paragraphs 1-32.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of the first sentence Paragraph 36. Defendant admits the second sentence thereof.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant admits the allegations of Paragraph 46, but affirmatively states that the expectation was that the deed of trust would be satisfied at closing on the refinance.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore denies the same and demands strict proof thereof.

49. Defendant admits the allegations of Paragraph 49.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and therefore denies the same and demands strict proof thereof.

51. Defendant admits the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55 and denies that Plaintiffs are entitled to such relief.

Defendant further denies each and every allegation not expressly admitted, and denies that Plaintiffs are entitled to the relief requested, or any relief.

<u>Separate and Affirmative Defenses</u>

1. The Complaint fails to state a claim on which relief may be granted.

2. Plaintiffs' claim fails to plead fraud with the required specificity.

3. Plaintiff Dawn B. Deboer lacks standing and is not a creditor of Defendant.

4. Plaintiffs' claim is barred, in whole or in part, by waiver and/or estoppel.

5. Plaintiffs' unclean hands (including filing privileged and otherwise confidential communications and information in this Court) bar the relief sought.

6. Any act or omission at issue was not material.

7. The Debtor acted on the advice of counsel.

WHEREFORE, Defendant respectfully requests that judgment in this Adversary Proceeding be entered in his favor and that all relief sought by Plaintiffs be denied, and that Defendant recover his costs, including a reasonable attorney's fee pursuant to 11 U.S.C. § 523(d) or otherwise.

Dated: March 5, 2026.

Respectfully submitted,

\_\_/s/ Daniel M. Press_____
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

    This is to certify that on this 5th day of March, 2026 I caused the foregoing Answer to be served by on counsel for the Plaintiff CM/ECF.

                                             /s/ Daniel M. Press
                                             Daniel M. Press